UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, )<br>OHIO CASUALTY INSURANCE COMPANY, )<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiffs,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>PRINCE ALEXANDER ARCHITECTURE LLC, )<br>RAYMOND GRADELESS,　　　　　　　　　　)<br>JACQUELINE GRADELESS,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants.　　　　　　　　　　)  | No. 1:23-cv-01114-TWP-TAB |

### ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment Against Defendants Raymond Gradeless and Jacqueline Gradeless (Filing No. 20). Plaintiff asks the Court to enter a default judgment against Defendants Raymond Gradeless and Jacqueline Gradeless on Ohio Security and Ohio Casualty's Complaint for Declaratory Judgment, pursuant to Federal Rule of Civil Procedure 55(a). For the following reasons, the Motion is **DENIED**.

Obtaining a default judgment in federal court is a two-step process. *See* Federal Rule of Civil Procedure 55(a)-(b). Step one requires a party to file an application for entry of default by the clerk pursuant to Rule 55(a). If the defendant fails to timely answer or otherwise respond to a Complaint, the plaintiff can request entry of default by the court clerk. *Id.* If the clerk enters a default, then the plaintiff can move to step two, and ask the Court to grant a default judgment pursuant to Rule 55(b)(2). The entry of a clerk's default is a necessary prerequisite for the court to grant a default judgment. *See* 10 *Moore's Federal Practice* §55.10[1], at 55-14 (Matthew Bender 3d ed. 2014).

On March 18, 2024, Plaintiff filed the instant motion. However, Plaintiff did not first obtain an entry of default, instead Plaintiff prematurely moved the court for a default judgment. The distinction between the two types of Rule 55 motions and the fact that obtaining a default judgment is a two-step process is more than just semantics. *McCarthy v. Fuller*, 2009 WL 3617740 *(S.D. Ind. October 29, 2009).* This procedural defect additionally prevents the Court from issuing a default judgment.

For the reasons stated above, the Plaintiff's Application for Entry of Default (Filing No. 20) is **DENIED**. Plaintiff is given leave to re-file the appropriate motion if applicable.[1]

**IT IS SO ORDERED.**

Date: 4/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Edmund Leonard Abel
LEWIS WAGNER, LLP
eabel@lewiswagner.com

Jennifer L. Blackwell
ORZESKE & BLACKWELL, P.C
jblackwell@indylitigation.com

Jeffrey Allen Hammond
COHEN & MALAD LLP
jhammond@cohenandmalad.com

Donald G. Orzeske
ORZESKE & BLACKWELL, P.C
dorzeske@indylitigation.com

Meghan Eileen Ruesch
LEWIS WAGNER, LLP
mruesch@lewiswagner.com

---

[1] The Court notes that on March 27, 2024, Jeffrey Allen Hammond filed a Notice of Appearance on behalf of Defendants Raymond Gradeless and Jacqueline Gradeless (Filing No. 23).